## MENTZER v SHONDEL et

Ohio Appeals, 9th Dist, Wayne Co

No 930. Decided Dec 21, 1934

L. R. Critchfield, Wooster, and Daniel C. Funk, Wooster, for plaintiff in error, and defendant in error Nellie Shondel Musser.

Dean H. Weimer, Wooster, and · K. E. Hoover, Wooster, for defendant in error Verna Shondel.

Chas. C. Jones, Wooster, and George H. Barnard, for defendants in error Anthony Paridon, Mary Paridon, Jacob Smith and Elta Smith.

## OPINION

By STEVENS, J.

The present suit was one in partition, brought by plaintiff (formerly Clyta Shon-

del), upon the theory that her interest in said Doylestown Hotel property was never set up by a guardian ad litem in the partition suit brought by George Shondel in 1917, and hence said interest was not cut off by the decree in said case; she sought herein to have set off to her her claimed distributive share of said Doylestown Hotel property, upon the contention that said share of said property did not pass by the deed from Mary Shondel to the Smiths; and, having been undisposed of at the time of the death of said Mary Shondel, passed to her at that time as intestate property.

Much time has been devoted by counsel, both in briefs and in oral argument, to a discussion of whether or not the decree in said partition suit of 1917, wherein title to said premises was quieted in the purchasers, Smith, upon their cross-petition, did extinguish the interest of said plaintiff in error in said Doylestown Hotel property.

This court is of the opinion that such discussion is entirely beside the point. The first question to be determined, as we see it, is whether or not the Doylestown Hotel property passed to the widow, Mary Shondel, under item 1 of the will, as after-acquired property.

The present §10504-71, GC, was not in effect at the time of the death of the testator, but §10579, GC, in substantially the same form in which it was passed as §54 of the act relating to wills on May 3, 1852, was in effect. That section provided as follows:

"Any estate, right or interest, in lands or personal estate or other property acquired by the testator after making his will, shall pass thereby, as if held or possessed at the time it was made, if such manifestly appears by the will to have been his intention."

It thus becomes necessary to determine whether, from a reading of the will, an intention manifestly appears upon the part of the testator to have such after-acquired property pass thereunder to the widow.

It will be observed, from a reading of item 1 of the will, that the testator gave to his widow all his real estate, and that said item then refers to the real estate of which testator was then seized.

Ever since the decision in **James, Exr. v Pruden, 14 Oh St 251**, it has been the rule that the use of the term "all of my real estate," in a will devising real estate, makes manifestly apparent, on the part of the tes-

tator, an intention to pass after-acquired real estate thereby, and we do not think that the use of the words "being the hotel property where we now reside in the Village of Marshallville, Wayne County, Ohio," referring to the property of which the testator was then seized, changes the application of the rule in this case. See also—

**Lee, Admr. v Scott, 5 C.C. (N.S.) 369.**
**Newton v McKinstry, 16 C.C. (N.S.) 219.**
**Strock v Strock, 6 Oh Ap 275.**
**Farrar, Admr. v Fallestine, 4 C.C. 235.**
**Reynolds v Reynolds, 9 Oh Ap 337.**

It is our conclusion that the Doylestown Hotel property passed to the widow under item 1 of the will in question as after-acquired property.

The devise contained in item 1 is limited by the third item of said will to a life estate.

**Fetter v Rettig, 98 Oh St 428.**

Under item 5 a remainder was created in the two sons, Charles and George Shondel, after the decease of the widow, the first taker.

Item 6 of the will of the testator gave to the widow the right of disposition of the real and personal property devised and bequeathed to her, permitting her, during her lifetime, to sell such of the real and personal property as she wished. Having determined to sell, and having sold the property in question to the purchasers Smith, the right of plaintiff, as an heir at law of Charles Shondel, deceased, to any share therein, was extinguished by the widow's execution and delivery of a deed for said premises, without the necessity of any suit to extinguish plaintiff's interest.

"Where an estate in remainder is vested subject to be divested by a power of disposition in the first taker, the remainder is divested by the proper exercise of the power of disposition."

69 C.J., "Wills," §1746, p. 654.
Leeds v Wakefield, 10 Gray (Mass.) 514.
Crane v Fidelity Union Trust Co., 133 Atl. 205, 99 N. J. Eq. 164.

We therefore hold, for the reasons hereinabove set forth, that the judgment of the trial court should be affirmed.

However, should we be in error in the foregoing conclusion, we are clearly of the opinion that the record shows plaintiff to have been guilty of laches in the prosecution of this action, when she waited seven years after attaining her majority and after learning the true situation with reference to said property, and that said laches would

bar her of the right to maintain the present action.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.